## MANNING v. GUYON.

Judgment records must be signed by the clerk at the time the record is filed, or the judgment will be set aside.

It is not sufficient to cure this omission that the clerk some time after the filing signs the record.

The clerk's omitting to sign the record is not an irregularity merely, and being in direct violation of the statute, the omission cannot be waived by the opposite party delaying to take advantage of it.

ON the 5th of June, 1848, the plaintiff's attorney filed the judgment record in this action; at the time of the filing the

Manning v. Guyon.

clerk indorsed on the record, "Filed 5th June, 1848," but did not then sign the record. On the 23d August, 1848, the defendant's attorney searched in the office, and found that the record had not been signed by the clerk, and he then gave notice of motion to set aside the judgment on that ground. The record was subsequently signed by the clerk, and no step in the cause had been taken since filing the judgment record.

*Kinney* moved to set aside the judgment.

*McMahon*, opposing. The record need not be signed at the time it is filed; but, even if it must, the indorsement is a sufficient signing. The defendant has waived the irregularity by his delay in making this motion. The omission is of the clerk, and not of the plaintiff, and the plaintiff ought not to suffer.

*Edmonds, J.*, read the words of the statute, and said, as this record was not signed until after the 18th of August, although filed on the 5th June, the judgment is irregular, and must be set aside. I do not think the indorsement was a sufficient signature. The defendant's delay in making the motion cannot cure the defect, which is a violation of the express words of the statute.

Motion granted.